GUIDRY, Judge.
Defendant, Jeffrey A. Box, pleaded guilty to one count of simple burglary of a pharmacy, a violation of La.R.S. 14:62.1. He was sentenced to serve seven years at hard labor, without benefit of parole, probation or suspension of sentence. Defendant appealed urging only that the trial judge failed to comply with La.C.Cr.P. art. 894.1 and that the sentence imposed is excessive.
PACTS
On September 22, 1986, Jeffrey A. Box and two accomplices burglarized the Island Pharmacy located in Sicily Island, Louisiana, in Catahoula Parish. They removed approximately $4,500.00 worth of controlled dangerous substances and prescription drugs and 30 pounds of silver coins, the value of which could not be ascertained. The subjects were arrested after an extensive investigation by the Catahoula Parish Sheriff’s Office. Defendant was charged by bill of information with simple burglary of the Island Pharmacy in Cata-houla Parish. He was also charged with simple burglary of a pharmacy in Concor-dia Parish. Pursuant to a plea bargain agreement, the burglary charge in Concor-dia Parish was dropped. Defendant was allowed to plead guilty to one count of simple burglary of a pharmacy and the trial court ordered a presentence investigation. On March 5, 1987, defendant was sentenced as mentioned hereinbefore.
The presentence investigation revealed defendant has a prior conviction for theft of property in the Pine Bluff, Arkansas area. In 1985, he was sentenced to three years in the Arkansas Penitentiary which was suspended and he was placed on three years probation.
The legal principles applicable in appellate review of sentences, particularly as regards claims of noncompliance with the article 894.1 guidelines and excessiveness, are well established and require neither reiteration nor citation of authority.
In the instant case, the record reflects the trial judge’s meticulous compliance with the provisions of La.C.Cr.P. art. 894.1. In his sentencing colloquy, the trial judge stated that defendant’s prior felony conviction indicated there would be an undue risk that defendant would commit another crime during any period of a suspended sentence or probation. The trial judge noted that, since defendant was involved in a “series of burglaries of pharmacies, [and] large quantities of controlled substances were taken, most of which had not been returned,” any lesser sentence would deprecate the seriousness of the crime. Additionally, the trial judge alluded to the facts that restitution had not been made and defendant also benefited from a plea bargain agreement. Although the trial judge *157 failed to note any mitigating factors, the record, including the PSI report, reveals none. In sum, we conclude that the record discloses strict compliance with La.C.Cr.P. art. 894.1.
Defendant also urges that the trial judge erred in imposing an excessive sentence. We disagree.
Defendant’s sentence is within the legislatively authorized sentencing range and La.R.S. 14:62.1 mandates that the sentence be served without benefit of parole, probation or suspension of sentence. A sentence of seven years imprisonment without benefit of parole, probation or suspension of sentence, under applicable law and the facts of this case, neither constitutes an abuse of discretion nor does such sentence shock our sense of justice.
For these reasons, the defendant’s conviction and the sentence imposed are affirmed.
AFFIRMED.